1  BINGHAM MCCUTCHEN LLP
   Peter Obstler (SBN 171623)
2  peter.obstler@bingham.com
   Zachary J. Alinder (SBN 209009)
3  zachary.alinder@bingham.com
   Three Embarcadero Center
4  San Francisco, California  94111-4067
   Telephone:  415.393.2000
5  Facsimile:  415.393.2286

6  Attorneys for Defendants
   JPMorgan Chase Bank, N.A., for itself and
7  as successor by merger to Chase Home
   Finance LLC and Chase Home Finance,
8  Inc.

MOWER & CARREON, LLP
Jon R. Mower, Esq. (SBN 72034)
Dan J. Bulfer, Esq. (SBN 280064)
8001 Irvine Center Drive, Suite 1450
Irvine, CA 92618
Telephone:  (949) 474-3004
Facsimile:  (949) 474-9001

HARBIN & McCARRON
Bruce Harbin, Esq. (SBN 110616)
1801 Park Court Place, Bldg. G
Santa Ana, CA 92701
Telephone:  (714) 550-5500
Facsimile:  (714) 550-0468

9

10                   UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12                        SOUTHERN DIVISION

13

14  MICHAEL REX AND NAOMI REX,          No. SACV12-609 DOC (RNBx)

15          Plaintiffs,                 **STIPULATION AND
                                        [PROPOSED] PROTECTIVE
16       v.                             ORDER RE: CONFIDENTIAL
                                        INFORMATION**
17  CHASE HOME FINANCE LLC, a
    Delaware Corporation; CHASE HOME    Action Filed December 14, 2012
18  FINANCE, INC., a Delaware
    Corporation; JPMORGAN CHASE
19  BANK, N.A., a Delaware Corporation;
    and DOES 1 through 10, inclusive,
20
            Defendants.
21

22

23

24

25

26

27

28

**WHEREAS** the parties in the action pending in the United States District Court, Central District of California, Southern Division, entitled *Michael Rex, et al. v. Chase Home Finance, LLC*, Case No. SACV12-609 DOC (RNBx) ("the Litigation"), anticipate that during the course of the Litigation documents and/or information of a sensitive, private and confidential nature may be produced in the course of discovery or otherwise disclosed or provided, and the parties wish to protect the confidentiality of such documents or information while ensuring that discovery may be pursued with a minimum of delay and expense,

**THEREFORE** MICHAEL REX and NAOMI REX ("Plaintiffs") and CHASE HOME FINANCE LLC, CHASE HOME FINANCE, INC., and JPMORGAN CHASE BANK, N.A. ("Defendants") (collectively with Plaintiffs the "Parties") hereby stipulate and agree to the following proposed Protective Order Re: Confidential Information ("Protective Order"), subject to court approval:

1. **PURPOSES AND LIMITATIONS**

1.1    The Parties agree and stipulate that disclosures made and discovery activity in connection with the Litigation are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose, other than the Litigation will be warranted.    Accordingly, the Parties agree that the following Order is appropriate to protect each Party's confidential, proprietary, and/or private information.

2. **DEFINITIONS**

2.1    "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including without limitation: (1) information protected pursuant to Federal Rule of Civil Procedure 5.2; (2) information protected by any federal, California, or other privacy statute, such as the California Right to Financial Privacy Act and information containing

protected nonpublic personal information ("NPPI"); (3) information protected by an existing and valid contractual obligation requiring the Designating Party to maintain the confidentiality of the information; and (4) any other commercially or personally sensitive or proprietary information including, but not limited to, financial or business plans or projections, proprietary technical information and specifications, current or future business and marketing information, plans, and strategies, studies or analyses by internal or outside experts, and confidential financial data or results.  Nothing in this paragraph shall preclude a Party from redacting personal information, including social security numbers or dates of birth, as required by governing law or contract or otherwise pursuant to the applicable policies of the Party

2.2    Counsel (without qualifier):  Outside Counsel of Record and In-House Counsel, as well as their support staff, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators.

2.3    Designating Party:  A Party that designates information or items that it produces in any disclosure or production as "CONFIDENTIAL."

2.4    Disclosure or Discovery Material:  All items or information regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, data, documents, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery requests in this matter.

2.5    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an Expert witness or as a consultant in this Litigation.

2.6    Filing Party:  A Party that seeks to file or lodge with the Court Disclosure or Discovery Materials designated as "CONFIDENTIAL" Information,

1  or any pleadings, memorandums, declarations, and other documents that disclose
2  "CONFIDENTIAL" Information.

3  2.7  <u>Party</u>:  Any Party to this Litigation, including all of its officers,
4  directors, employees, consultants, retained Experts, and Outside Counsel of Record
5  (and their support staffs).

6  2.8  <u>Producing Party</u>:  A Party that produces Disclosure or Discovery
7  Material in this Litigation.

8  2.9  <u>Professional Vendors</u>:  Persons or entities that provide litigation
9  support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or
10  demonstrations, and organizing, storing, or retrieving data in any form or medium)
11  and their employees and subcontractors.

12  2.10  <u>Protected Material</u>:  Any Disclosure or Discovery Material that is
13  designated as "CONFIDENTIAL."

14  2.11  <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery
15  Material from a Producing Party.

16  2.12  <u>"NPPI" means</u>:

17  (a)  "Nonpublic personal information," as defined in Title V of the
18  Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809;

19  (b)  "Nonpublic personal information," as defined in any and all
20  regulations promulgated pursuant to Title V of the Gramm-Leach-Bliley Act,
21  including but not limited to 16 C.F.R. Parts 313, 314, and 332 and 12 C.F.R Part
22  364; and

23  (c)  Any information covered by state and federal laws and
24  regulations protecting the privacy and security of personal information, including
25  but not limited to the California Financial Information Privacy Act, Cal. Fin. Code
26  § 4050 *et seq.*

27
28

3. **SCOPE**

3.1     The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material.

3.2     However, the protections conferred by this Stipulation and Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (iii) any information obtained outside of the Litigation that none of the Parties designate as "CONFIDENTIAL" within thirty (30) days after production.  Any use of Protected Material produced for purposes of this Litigation shall only be used for purposes of Litigation, and shall be returned or destroyed following conclusion of the Litigation as described further below.

3.3     Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

3.4     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the written consent of the Designating Party.  Likewise, nothing in this Order shall be construed to prevent Counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Order.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

4.   **DURATION**

4.1   The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Within 90 (ninety) days after the conclusion of the Litigation, including any appeals and post-trial motion practice, each Receiving Party shall confirm in writing to the Producing Party at the Notice address below that it has returned or securely destroyed all Protected Material, as well as (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and, (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; except as follows in Section 4.2.

4.2   Notwithstanding the obligations above, each Party may keep and retain for their records one copy of any statement, client communication or legal memorandum prepared for purposes of the Litigation containing specified materials (the "Retained Work Product Materials"), expressly limited to (a) attorney work product summaries of Protected Material or (b) copies of Protected Material as contained in exhibits to any statement, communication or pleading, provided that the one retained copy will be for archival purposes only.  Such Retained Work Product Materials shall not be used directly or derivatively for any other purpose, including, but not limited to, any past, pending or future litigation or legal proceedings of any kind whatsoever.

5.   With respect to Confidential Information produced by Defendants that contains NPPI:

5.1   In no event shall the Receiving Party disclose the NPPI of any Consumer contained in any Confidential Information to any Party or non-Party other than the Consumer, except as permitted under Title V of the Gramm-Leach-Bliley Act, §§ 6801-6809, and its implementing regulations;

5.2     Defendants shall not be liable for any disclosure by any Party other than Defendants or by any non-Party of Confidential Information produced in this Matter containing NPPI;

5.3     Any production by Defendants of Confidential Information containing NPPI of any Plaintiff to any Plaintiff is a permissible disclosure under Title V of the Gramm-Leach-Bliley Act, including pursuant to 15 U.S.C. § 6802(e)(2) and 15 U.S.C. § 6802(e)(3)(E);

5.4     Any production by Defendants of Confidential Information containing NPPI of any Plaintiff to any Plaintiff is a permissible disclosure under Cal. Fin. Code § 4056(b)(2) and Cal. Fin. Code § 4056(b)(3)(E); and

5.5     Review of Confidential Information containing NPPI by Counsel, Experts or consultants for any Party shall not waive, in whole or in part, any Party or non-Party's claim of confidentiality.  Likewise, the inadvertent, unintentional or in camera disclosure of Confidential Information containing NPPI shall not be deemed a waiver, in whole or in part, of any Party or any non-Party's claims of confidentiality.

6.     **DESIGNATING PROTECTED MATERIAL**

6.1     <u>Designation As Representation by Counsel.</u>  Counsel for any Designating Party may designate any Disclosure or Discovery Material as "Confidential Information" under the terms of this Protective Order only if such counsel in good faith believes that the Disclosure or Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c). The designation by any Designating Party of any Discovery Material as Confidential Information constitutes a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation.

6.2     <u>Manner and Timing of Designations</u>.  Designation in conformity with this Order requires:

1       (a)    for information in documentary form (*e.g.*, paper or electronic

2  documents, but excluding transcripts of depositions or other pretrial or trial

3  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to

4  each page that contains Protected Material.  For electronic documents produced in

5  native format, or otherwise produced in a manner where individual page marking is

6  not practical, the Producing Party must affix the "CONFIDENTIAL" legend to the

7  disc or electronic media on which the information is produced.  Information

8  produced through an FTP site or share can be designated by letter from the

9  Producing Party.  A Party or non-Party that makes original documents or materials

10  available for inspection need not designate them for protection until after the

11  inspecting Party has indicated which material it would like copied and produced.

12  During the inspection and before the designation, all of the material made available

13  for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has

14  identified the documents it wants copied and produced, the Producing Party must

15  determine which documents, or portions thereof, qualify for protection under this

16  Order.  Then, before producing the specified documents, the Producing Party must

17  affix the "CONFIDENTIAL" legend to each page that contains Protected Material;

18       (b)    for all other information or tangible items, that the Producing

19  Party affix in a prominent place on the exterior of the container or containers in

20  which the information or item is stored the legend "CONFIDENTIAL."  If only a

21  portion or portions of the information or item warrant protection, the Producing

22  Party, to the extent practicable, shall identify the protected portion(s); and

23       (c)    for deposition testimony that the designation be made during

24  the taking of the deposition by a statement on the record, by counsel at the time of

25  such disclosure, or by written notice sent to counsel of record for all Parties within

26  ten (10) business days after receiving a copy of the final transcript thereof,

27  identifying the specific pages thereof designated as Confidential Information.

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1       6.3   <u>Inadvertent Failures to Designate</u>. If a Producing Party discovers that

2   "CONFIDENTIAL" Information or items that it produced were not designated as

3   Protected Material, the Producing Party may notify all other Parties of the error

4   and identify the affected information or items and their new designation or re-

5   designation.  Thereafter, the information or items so designated or re-designated

6   will be treated as Protected Material.  After providing such notice, the Producing

7   Party shall provide re-labeled copies of the information or items reflecting the

8   change in designation.

9       6.4   An inadvertent failure to designate qualified information or items

10   shall not waive the Designating Party's right to secure protection under this Order

11   for such material.  Upon correction of a designation, the Receiving Party must

12   make reasonable efforts to assure that the material is treated in accordance with the

13   provisions of this Order.  Upon receiving the Protected Material with the correct

14   confidentiality designation, the Receiving Parties shall return or securely destroy,

15   all Discovery Material reasonably accessible to the Receiving Party that was not

16   designated properly.  Unauthorized or inadvertent disclosure does not change the

17   status of Discovery Material or waive the right to hold the disclosed document or

18   information as Protected Material.

19       6.5   <u>Challenging Designations</u>.   Unless a prompt challenge to a

20   Designating Party's confidentiality designation is necessary to avoid foreseeable

21   substantial unfairness, unnecessary economic burdens, or a later significant

22   disruption or delay of the litigation, a Receiving Party does not waive its right to

23   challenge a confidentiality designation by electing not to mount a challenge

24   promptly after the Designating Party discloses the designation.  Until the Parties

25   informally resolve a challenge to the confidentiality designations or the Court rules

26   on the challenge, all parties shall continue to afford the material in question the

27   level of protection to which it is entitled under the Designating Party's designation.

28   This provision applies only to challenge proceedings, and shall not be construed to

affect the burden of proof for a motion to seal.  Notwithstanding any provision of this Stipulated Protective Order, however, any motion challenging a Designating Party's confidentiality designation shall comply with the Federal Rules of Civil Procedure, all applicable local rules, as well as any "local local" rules or procedures established by the Court, including, without limitation, Local Rules 37-1 and 37-2 (setting forth the requirement of a Joint Stipulation of disputed issues).

7.   **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this Litigation only for litigation and settlement purposes while the Litigation is still ongoing, and not for any other purpose whatsoever.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Litigation has been terminated, a Receiving Party must comply with the provisions of section 4.1 above.

7.2   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.3   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Counsel of Record in this action, including attorneys who are principals of, employed by, or working for said Outside Counsel of Record;

(b)   Experts (as defined in this Order) retained to assist in this action, provided that disclosure is only to the extent reasonably necessary to perform such work and provided that:  (i) such Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) such Expert is not a current officer,

9

1   director, or employee of a Party or of a competitor of a Party, nor is anticipated at
2   the time of retention to become an officer, director, or employee of a Party or of a
3   competitor of a Party;

4           (c)     the Court and its staff and administrative personnel, and Court
5   reporters, videographers and stenographers employed to take depositions, and any
6   essential personnel retained by the Court;

7           (d)     Professional Vendors to whom disclosure is reasonably
8   necessary for this litigation, as long as they have signed the "Acknowledgment and
9   Agreement to Be Bound" (Exhibit A);

10          (e)     the author or recipient of a document containing the
11  information or a custodian or other person who otherwise possessed or knew the
12  information, including as relevant to loan files, each named plaintiff may view
13  their own loan files; and

14          (f)     any other person, upon order of the Court or with the prior
15  written consent of the Producing Party.

16      7.4     Procedure for Filing of "CONFIDENTIAL" Information with the
17  Court.   In the event that any portion of any Disclosure or Discovery Material
18  designated as Confidential Information is submitted to the Court for any purpose,
19  the Filing Party shall do all of the following:

20          (a)     A Filing Party shall sanitize or redact the documents and/or
21  "CONFIDENTIAL" Information so as to remove any reference to NPPI or other
22  CONFIDENTIAL Information when this can be accomplished without destroying
23  the purpose for which the documents and/or "CONFIDENTIAL" Information is to
24  be filed.   Following sanitization, the Filing Party shall present the sanitized
25  document to the Designating Party, who shall then have three (3) business days
26  (the "Review Period") to review the sanitized document for remaining NPPI or
27  other CONFIDENTIAL Information.   Upon the expiration of the Review Period,
28  or upon the Designating Party's sooner notification to the Filing Party that the

1  Designating Party is satisfied that the sanitized document contains no NPPI or
2  other "CONFIDENTIAL" information, the sanitized document may be filed upon
3  the public record as if it were any other filing.

4       (b)   Within three (3) business days before the filing, the Filing Party
5  will notify the Designating Party by Bates number or other reasonable description,
6  of the specific documents and/or "CONFIDENTIAL" Information that the Filing
7  Party intends to lodge with the Court under seal.   The Designating Party will
8  notify the Filing Party within one (1) business day after receiving this notice if the
9  Designating Party agrees that some, part, or all of the documents and/or
10 "CONFIDENTIAL" Information need not be lodged with the Court under seal.  A
11 Designating Party shall not unreasonably withhold its agreement that some, part, or
12 all of the documents and/or "CONFIDENTIAL" Information need not be lodged
13 with the Court under seal, however a Designating Party is under no obligation to
14 waive any claim of confidentiality that is made in good faith.

15      (c)   In accordance with Local Rule 79-5, the Filing Party will
16 present to the Court the document(s) submitted for filing under seal, a written
17 application, and a proposed order.  Further, in accordance with Local Rule 79-5,
18 the original and judge's copy of the documents to be filed under seal shall be
19 sealed in separate envelopes with a copy of the title page attached to the front of
20 each envelope.  The Parties recognize that one of the manifest purposes of this
21 Stipulated Protective Order is to avoid the expense associated with litigating
22 discovery disputes over confidentiality-related issues and as such the Parties agree
23 that they will not oppose any written application seeking the sealing of documents
24 absent a substantial justification to do so.

25      (d)   In accordance with Local Rule 79-5, the Filing Party will
26 present to the Clerk for filing, in paper format, any materials containing
27 "CONFIDENTIAL" Information and will electronically file a Notice of Manual
28 Filing in accordance with Local Rule 5-4.2.

8.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR GOVERNMENT INVESTIGATION**

8.1   If a Party is served with a document request, investigatory demand for documents, subpoena or a court order ("Document Demand") issued in other litigation or government investigation that compels disclosure of any information or items designated in this Litigation as "CONFIDENTIAL," prior to final disposition of that Protected Material, that Party must:

(a)   promptly notify in writing the Designating Party and provide that Party with a reasonable opportunity to move for a protective order regarding the production of Protected Materials implicated by the Document Demand. Provided, however, that in no event shall the obligation to afford the Designating Party a reasonable opportunity to move for a protective order require any party to violate or otherwise disobey a lawful subpoena;

(b)   promptly notify in writing the Party who caused the Document Demand to issue in the other litigation that some or all of the material covered by the Document Demand is subject to this Order.  Such notification shall include a copy of this Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a protective order, the Party served with the Document Demand shall not produce any information designated in this action as "CONFIDENTIAL" earlier than the date and time called for on the Document Demand, and shall cooperate in good faith with the Designating Party's reasonable efforts to obtain a protective order.  Notwithstanding any provision of this Protective Order, however, neither Fed. R. Civ. P. 26 nor Fed. R. Civ. P. 45 provide that compliance with a lawful subpoena is automatically stayed by the filing of a motion for a protective order.  Accordingly, the Parties agree that it is

12

the Designating Party's responsibility to timely move for, and obtain, an appropriate order staying the operation of a Document Demand pending the resolution of the Designating Party's motion for a protective order.  Nothing contained in this Protective Order should be construed as authorizing or encouraging a party in this action to disobey a lawful subpoena issued in another action.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **INADVERTENT      PRODUCTION      OF      PRIVILEGED      OR OTHERWISE PROTECTED MATERIAL**

10.1  If information subject to a claim of attorney-client privilege, work product protection or other privilege or protection is inadvertently produced, such production shall not constitute waiver of such privilege or protection pursuant to Federal Rule of Evidence 502.  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

11. **MISCELLANEOUS**

11.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by agreement of the Parties or by the Court in

13

the future.    Provided, however, that no modification of this Protective Order pursuant to the agreement of the Parties shall have the force or effect of a Court order unless the Court approves the modification.

11.2   <u>Termination of Matter and Retention of Jurisdiction</u>.    The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.    The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

11.3   <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and Experts, and any persons or organizations over which they have direct control.

11.4   <u>Federal Reserve Communications</u>.    Nothing in this agreement is intended to or shall (1) restrict Defendants from providing information to Federal Reserve supervisory staff; (2) require or permit, without the prior approval of the Federal Reserve, Defendants to disclose to any other Party or non-Party that any information will be or was provided to Federal Reserve supervisory staff; or (3) require or permit, without the prior approval of the Federal Reserve, Defendants to inform any other Party or non-Party of a current or upcoming Federal Reserve examination or any nonpublic Federal Reserve supervisory initiative or action.

12.   **ENFORCEMENT**

The Parties and signatories to this Stipulated Protective Order intend that this Protective Order shall be fully enforceable in this Litigation.   To effectuate that intent, each of the Parties and signatories to this Protective Order consents to the jurisdiction of this Court to enforce any provision of this Protective Order to the fullest extent permitted by law, subject to the following terms and conditions:

12.1   Because the aggrieved party does not have an adequate remedy at law and would suffer irreparable harm absent the ability to enforce the Protective Order through restraining order or injunction, the Parties agree that any aggrieved party shall be entitled to enforce the Protective Order through a restraining order or injunction requiring the violating party to immediately cease and desist from the violation and take all necessary actions to remedy the violation and ensure that the violation is corrected so as to ensure that any improperly used or disclosed information retains the confidentiality protections that existed prior to the occurrence of the violation.  Such equitable remedies shall be in addition to, and not exclusive of, all other legal rights and remedies available to such Party under the law.

12.2   Within 48 hours of notification of a violation of the Protective Order, the Parties shall meet and confer in an attempt to resolve the dispute informally.  If the meet and confer fails to resolve the dispute, the aggrieved Party shall be entitled to immediately seek relief from this Court.  If any Party notifies the other Parties that they believe a violation of the Protective Order has occurred, the other Parties, including the Party accused of violating the Order, shall immediately cease and desist from the conduct giving rise to the enforcement claim and shall take all necessary steps to mitigate any further alleged harm and maintain the status quo prior to the alleged violation, until such time as the Court rules on the merits of the aggrieved Party's claim that the Order was violated.

12.3   For the avoidance of doubt, notwithstanding the right of the aggrieved right to apply for emergency injunctive relief, the Parties expressly reserve all of their other legal and equitable rights to enforce the Protective Order.

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3    Dated:  May 8, 2013                    BINGHAM MCCUTCHEN LLP

4
                                             By:*/s/ Zachary J. Alinder*
5                                                PETER OBSTLER
                                                 ZACHARY J. ALINDER
6                                                Attorneys for Defendants Chase Home
                                                 Finance, LLC; Chase Home Finance, Inc.,
7                                                and JPMorgan Chase Bank, N.A.

8

9    Dated:  May 8, 2013                    MOWER & CARREON, LLP

10

11                                           By:*/s/ Dan J. Bulfer*
12                                               JON R. MOWER
                                                 DAN J. BULFER
13                                               Attorneys for Plaintiffs Michael Rex and
                                                 Naomi Rex
14

15

16   Dated:  May 8, 2013                    HARBIN & McCARRON

17                                           By: */s/ Bruce Harbin*
18                                               BRUCE HARBIN
                                                 Attorneys for Plaintiffs Michael Rex and
19                                               Naomi Rex

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ATTESTATION OF SIGNATURE

I, Dan J. Bulfer, am the ECF User whose ID and Password were used to electronically file this Stipulation and [Proposed] Protective Order re: Confidential Information.  Pursuant to Central District of California Local Rule 5-4.3.4(a)(2), I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the content of this filing and have authorized the electronic filing thereof.

_/s/ Dan J. Bulfer_
Dan J. Bulfer, Esq.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  Lun "47."2013""

Hon. Robert N. Block
United States Magistrate Judge

17
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4          I, _____[print or type full name], of_____

5          _____ [print or type full

6     address], declare under penalty of perjury that I have read in its entirety and

7     understand the Stipulated Protective Order that was agreed to by the Parties to the

8     litigation entitled *Michael Rex, et al. v. Chase Home Finance, LLC*, Case No.

9     SACV12-609 DOC (RNBx) ("Litigation").  I agree to comply with and to be

10    bound by all the terms of this Stipulated Protective Order ("Order") and I

11    understand and acknowledge that failure to so comply could expose me to

12    sanctions and punishment in the nature of contempt.  I solemnly promise that I will

13    not disclose in any manner any information or item that is subject to this Order to

14    any person or entity except in strict compliance with the provisions of this Order.

15          I further agree to submit to the jurisdiction of the United States District

16    Court in which the Litigation is pending for the purpose of enforcing the terms of

17    this Order, even if such enforcement proceedings occur after termination of this

18    action.

19          Date: _____

20          City and State where sworn and signed: _____

21          Printed name: _____ _____

22          Signature: _____

23

24

25

26

27

28

18

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
RE: CONFIDENTIAL INFORMATION